# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:14CR232 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| RANDY T. SMITH, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On December 29, 2014, defendant Randy Smith filed a *pro se* motion to dismiss the indictment for want of subject matter jurisdiction (Doc. No. 35). In a minute order dated the same day, the Court denied this motion on three grounds. First, because defendant was represented by counsel, he was not entitled to "hybrid representation," that is, "simultaneously representing oneself while being represented by an attorney." *United States v. Green*, 388 F.3d 918, 922-23 (6th Cir. 2004). Second, the motion was frivolous, as the Court clearly has subject matter jurisdiction over federal crimes alleged to have been committed within its judicial district. Third, the indictment sets forth a charge as to the venue and also as to the element of affecting interstate commerce.

Defendant has now filed a *pro se* notice of appeal from this pre-trial ruling. (Doc. No. 37.) Generally, the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal. *See Griggs v. Provident Consumer Discount Co*., 459 U.S. 56, 58, 103 S. Ct. 400, 74 L. Ed. 2d 225 (1982) (per curiam) ("The filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the

appeal."); *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981). The district court does not, however, lose jurisdiction if "the appeal is untimely, presents issues that the appellate court had previously decided in the same case, or is from a non-final, non-appealable order." *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993) (citing *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993)); *see Cochran*, 651 F.2d at 1222 (a notice of appeal from a plainly non-appealable order may properly be ignored by the district court).

In a criminal action, the final appealable order generally is the judgment of conviction and sentence. *See Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 103 L. Ed. 2d 879 (1989); *United States v. Bratcher*, 833 F.2d 69, 71 (6th Cir. 1987), *cert. denied*, 484 U.S. 1030 (1988). The Court's ruling on defendant's pre-trial motion to dismiss is not a final, appealable order. *See United States v. MacDonald*, 435 U.S. 850, 857-63, 98 S. Ct. 1547, 56 L. Ed. 2d 18 (1978) (an order denying a motion to dismiss is not a final, appealable order); *United States v. Bilsky*, 664 F.2d 613, 615 (6th Cir. 1981) ("As a general rule, a pretrial order denying a defendant's motion to dismiss an indictment is not an appealable 'final decision' under [28 U.S.C. §] 1291.") Because defendant has sought an appeal from an order that is clearly not final and appealable, the Court will proceed with this case, ignoring the notice of appeal. *See Cochran*, 651 F.2d at 1222. All dates and deadlines set by this Court shall remain in effect.

**IT IS SO ORDERED**.

Dated: January 14, 2015

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

2