UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:14CR232 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| RANDY T. SMITH, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter comes before the Court upon the motion of defendant Randy Smith ("defendant" or "Smith") to permit an out of time appeal. (Doc. No. 63 ["Mot."].) The government opposes the motion. (Doc. No. 64 ["Opp'n"].) The Court held an evidentiary hearing on the motion on May 16, 2016. At the conclusion of the hearing, the Court took the matter under advisement, during which the government filed a notice of supplemental authority (Doc. No. 70) and defendant filed a response (Doc. No. 75). Because defendant failed to meet his burden of establishing "good cause" or "excusable neglect," the Court denies defendant's motion.

**I. BACKGROUND**

On January 15, 2015, defendant entered a plea of guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(e). On February 8, 2016, the undersigned sentenced defendant to a term of imprisonment of 180 months. (Doc. No. 56 (Judgment).) At the time of sentencing, the Court instructed defendant that he had 14 days from the date of the judgment (February 8, 2016) in which to file an appeal. (Doc. No. 61 (Hearing

Transcript ["TR"]) at 498[1].) Defendant advised the Court that he understood this time limitation. (*Id.*)

On March 2, 2016, defendant, through his counsel, filed a notice of appeal. (Doc. No. 57.) Thereafter, on April 4, 2016, defendant filed the present motion to permit an out of time appeal. In the motion, counsel asserts that at the time of sentencing, defendant advised him that he did not want to file an appeal. On February 26, 2016, counsel received a written letter from defendant, sent February 24, 2016, instructing counsel to file an appeal from the Court's sentence and the Court's ruling on defendant's motion to suppress. (*See* Doc. No. 63-1; Doc. No. 69-1 (Letter), Defense Ex. 1; Doc. No. 69-2 (Envelope), Defense Ex. 2.) The motion further provides that counsel was unaware of the letter until March 2, 2016, as he was out of the office for hearings and appointments. Upon discovering the letter, counsel immediately filed the notice of appeal, but inadvertently failed to seek permission to file an untimely appeal. It was not until appellate counsel brought this oversight to trial counsel's attention that counsel filed the instant motion on April 4, 2016.

Two witnesses testified at the May 16, 2016 evidentiary hearing—defendant and his trial counsel, attorney James Campbell. The undersigned presided over the hearing and had the opportunity to closely observe the witnesses as they testified. Attorney Campbell testified that he discussed the possibility of appeal with defendant at the sentencing hearing, and that it was defendant's desire, at that time, not to take an appeal. He further testified that, immediately after the hearing, he sent copies of the Court's judgment, which indicated that the judgment was filed

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

on February 8, 2016, and other sentencing materials to defendant. While defendant told his attorney that he never received this packet of documents, attorney Campbell testified that the packet was never returned to his office as undeliverable. Mr. Campbell also testified consistently with the representations in the instant motion that he did not discover defendant's letter requesting that he file an appeal from the Court's judgment until March 2, 2016. He explained that, upon discovering defendant's letter, his primary concern was to expeditiously file the notice of appeal.

Defendant also testified at the hearing. He conceded that, at the time of sentencing, he understood that he only had 14 days from the date of the judgment to file a notice of appeal, and that he advised his counsel that he did not want to take an appeal. Four days after returning to his institution, defendant was placed in segregated housing, which he referred to as the "hole," for an institutional rules infraction. Defendant explained that, while in segregation, he had a change of heart and decided that he wanted to take an appeal. As soon as he changed his mind, he composed a letter to counsel on either February 21, 2016 or February 22, 2016.

Defendant explained that inmates who wish to mail correspondence from the hole must first request a paper and pen. After they have received the necessary writing materials and composed their correspondence, they must slide the paper underneath the cell door for pick up by a corrections officer. According to defendant, an inmate never knows when an officer will collect the correspondence and place it in the institution's outgoing mail.

**II. ANALYSIS**

Rule 4(b) of the Federal Rules of Appellate Procedure controls the timing of a notice of appeal. Rule 4(b)(1)(A) requires a criminal defendant to file a notice of appeal within 14 days after the later of: "(i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." The Court's judgment was entered on February 8, 2016. Defendant, therefore, had until February 22, 2016 to file a timely notice of appeal. His notice of appeal, filed on March 3, 2016, was untimely as it was filed beyond the 14-day window in Rule 4(b)(1)(A).

Rule 4(b), however, allows for consideration of a motion to extend the time period for filing an appeal. Specifically, Rule 4(b)(4) provides:

> Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, without or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

"Good cause will be found where forces beyond the control of the appellant prevented [him] from filing a timely notice of appeal." *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006) (citation omitted). Excusable neglect, in contrast, covers both faultless omissions and omissions caused by carelessness. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993). In *Pioneer*, the Supreme Court identified several factors for considering whether neglect is excusable, including: (1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id*. at 395.

The Sixth Circuit has cautioned, however, that "a district court should not carte blanche

grant motions for extensions of time under Fed. R. App. 4." *United States v. Thompson*, 82 F.3d 700, 702 (6th Cir.1996). The court in *Thompson* set forth the test for considering requests for extensions:

> When requesting an extension of time, the party seeking the extension must first establish excusable neglect. If no excusable neglect is shown, the extension cannot be granted. Should the district court find excusable neglect, the district court must then examine the questions of prejudice and bad faith. If there is any indication of bad faith or any evidence of prejudice to the appellee or judicial administration, the district court may then choose to exercise its discretion and deny the requested extension.

*Id*. (citing *Pioneer*, 507 U.S. at 398).

Thus, the party seeking an extension of time bears of burden of demonstrating good cause or excusable neglect. *See United States v. Williams*, 166 F.3d 1216, at *2 (6th Cir. Nov. 23, 1988) (Table decision) (citing *Thompson*, 82 F.3d at 702). While the burden is not a heavy one, if the moving party fails to carry it, the extension cannot be granted. *Id*.

Initially, the Court addresses the government's suggestion that this Court lacks jurisdiction to consider defendant's motion. According to the government, the fact that the motion for leave was filed beyond the 30-day window set forth in Rule 4(b)(4) divests this Court of the authority to grant the extension. Notwithstanding the fact that defendant filed his notice of appeal within the 30 days prescribed by the rule, it is the government's position that the lack of a timely motion forecloses the relief he seeks.

The Sixth Circuit has rejected such reasoning. In *United States v. Wrice*, 954 F.2d 406 (6th Cir. 1992), defendant filed his notice of appeal beyond the 10 day time period that was then in effect under the rule but within the 30 day period allowed for seeking an extension of time. Like defendant, he did not file a timely motion for an extension. Noting that Rule 4(b) does not require *any* motion, the court concluded that the district properly granted the request for an

grant motions for extensions of time under Fed. R. App. 4." *United States v. Thompson*, 82 F.3d 700, 702 (6th Cir.1996). The court in *Thompson* set forth the test for considering requests for extensions:

> When requesting an extension of time, the party seeking the extension must first establish excusable neglect. If no excusable neglect is shown, the extension cannot be granted. Should the district court find excusable neglect, the district court must then examine the questions of prejudice and bad faith. If there is any indication of bad faith or any evidence of prejudice to the appellee or judicial administration, the district court may then choose to exercise its discretion and deny the requested extension.

*Id*. (citing *Pioneer*, 507 U.S. at 398).

Thus, the party seeking an extension of time bears of burden of demonstrating good cause or excusable neglect. *See United States v. Williams*, 166 F.3d 1216, at *2 (6th Cir. Nov. 23, 1988) (Table decision) (citing *Thompson*, 82 F.3d at 702). While the burden is not a heavy one, if the moving party fails to carry it, the extension cannot be granted. *Id*.

Initially, the Court addresses the government's suggestion that this Court lacks jurisdiction to consider defendant's motion. According to the government, the fact that the motion for leave was filed beyond the 30-day window set forth in Rule 4(b)(4) divests this Court of the authority to grant the extension. Notwithstanding the fact that defendant filed his notice of appeal within the 30 days prescribed by the rule, it is the government's position that the lack of a timely motion forecloses the relief he seeks.

The Sixth Circuit has rejected such reasoning. In *United States v. Wrice*, 954 F.2d 406 (6th Cir. 1992), defendant filed his notice of appeal beyond the 10 day time period that was then in effect under the rule but within the 30 day period allowed for seeking an extension of time. Like defendant, he did not file a timely motion for an extension. Noting that Rule 4(b) does not require *any* motion, the court concluded that the district properly granted the request for an

extension, which, in turn, gave the appellate court jurisdiction to consider the defendant's appeal. Specifically, the court explained:

> We thus hold that jurisdiction exists over [defendant]. [Defendant's] notice of appeal was filed within the forty-day outer limit and excusable neglect was found. The fact that the motion for an extension of time was filed and granted after forty days from the entry of judgment is irrelevant. As long as a notice of appeal, or a document containing information required for an appeal, is filed with the district court within 40 days of judgment, this court has jurisdiction.

*Id*. at 410; *see also United States v. Hoye*, 548 F.2d 1271, 1273 (6th Cir. 1977) ("[I]t has been uniformly held that a district court has jurisdiction to excuse delay only where a notice of appeal has actually been filed within the 30-day period following the expiration of the regular appeal time.") Because defendant filed a document evincing his intent to appeal within the 30-day window, the Court finds that it has the authority to consider whether defendant is entitled to an extension.[2] *See United States v. Dotz*, 455 F.3d 644, 647 (6th Cir. 2006) ("This court has made clear that a document that clearly indicates an intent to appeal may suffice as notice, so long as it [is] filed within the [applicable time window] and contains most of the necessary elements required for a formal notice of appeal as specified in Rule 3 of the Federal Rules of Appellate Procedure") (citation omitted).

Turing to the merits of defendant's motion, the Court finds that defendant has not established good cause for the delay. While defendant offered vague testimony to the fact that access to materials and the mail is restricted in segregation, he did not suggest that he was

---

[2] This conclusion is not altered by the supplemental authority offered by the government providing that, while the 14-day period in which to file a notice of appeal is not jurisdictional, the Sixth Circuit shall, upon the government's motion, enforce the limitation period in the interests of finality of judgments and the efficient administration of justice. *See United States v. Ross*, No. 16-2190 (6th Cir. May 24, 2016) (citing *United States v. Gaytan-Garza*, 652 F.3d 680, 681 (6th Cir. 2011)). There is nothing about these decisions that abolishes a district court's authority, under Rule 4(b)(4), to consider a timely motion for an extension of time.

deprived of writing materials, nor did he intimate that corrections officers refused to mail his letter to counsel. Further, the Court did not find credible defendant's testimony that the mailing of letters in segregation is entirely left to the whim of corrections officers. Had defendant wanted to establish that the mechanisms in place in his institution made it impossible for him to communicate to his attorney his intent to file a timely appeal (something he did not even argue), he should have produced a witness who could have spoken to these procedures.

Likewise, the Court finds that defendant has not carried his burden of establishing excusable neglect for the delay. Defendant admits that he was aware that he had only 14 days in which to file his notice of appeal, and he further concedes that he was aware of the restrictions placed on inmates in segregation when he went into the "hole." Notwithstanding this knowledge, and by his own admissions, he waited until February 21or February 22 to compose a letter to his attorney expressing his interest in seeking an appeal. February 21 was a Sunday and February 22 was the deadline for *filing* the appeal. *Even* if his letter was mailed to his counsel on February 22, defendant clearly did not leave sufficient time in which to effectuate a timely appeal. *See United States v. Frederick*, 422 F. App'x 404, 406 (6th Cir. 2011) (affirming denial of motion for extension of time where "the time for filing a notice of appeal had expired before defendant even wrote the letter to his attorney").

That is, of course, if defendant's testimony is to be believed. Defendant was evasive on the stand, answering the questions put to him in only the vaguest of terms. His testimony was also, at times, inconsistent, particularly as to the timing of his stint in segregation. Further, his testimony was not supported by the physical evidence and he improperly speculated as to the procedure for mailing letters. As previously noted, the mailing stamp on the envelope in which defendant's correspondence was sent to counsel indicates that it was mailed on February 24,

7

2016 and the letter was marked as received in counsel's office on February 26, 2016. (*See* Doc. No. 63-1 at 504-05.) These two uncontroverted facts suggest that the letter to counsel was likely submitted for mailing by defendant sometime *after* February 22, 2016, the date it was due to be filed with the Court, making the filing of a timely notice of appeal an impossibility. Under these circumstances, the Court does not credit defendant's inconsistent, speculative, and self-serving testimony.

Finally, in his supplemental response, defendant suggests that his situation is factually similar to that presented in *Wrice*. However, the applicability of that decision begins and ends with a finding that the Court has jurisdiction to entertain defendant's motion. Unlike the district court in *Wrice*, this Court does not find good cause or excusable neglect such as would be necessary for the grant of an extension of time in which to file an appeal. Because defendant did not establish either good cause or excusable neglect, the Court need not consider the remaining *Pioneer* factors. *See Thompson*, 82 F.3d at 702. Defendant understood the time frame in which he needed to file his appeal, yet he unreasonably delayed in taking any steps toward perfecting his appeal. He is, therefore, not entitled to an extension. *See, e.g., Williams*, 166 F.3d 1216, at *3 (district court did not abuse its discretion in denying extension where defendant "sat on his right to appeal").

### III. CONCLUSION

For all of the foregoing reasons, defendant's motion for an extension of time in which to file his appeal is denied.

**IT IS SO ORDERED**.

Dated: July 6, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**