# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:14CR232 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| RANDY SMITH, | ) | |
| DEFENDANT. | ) | |

The Court is in receipt of a letter from defendant Randy Smith ("Smith") which it interprets as a *pro se* motion to reduce his sentence. (Doc. No. 79 ["Mot."].) The government opposes the motion. (Doc. No. 80 ["Opp'n"].) For the foregoing reasons, the motion is DENIED.

On January 15, 2015, Smith entered a plea of guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(e). At the time of sentencing, Smith was determined to be an armed career offender, pursuant to the Armed Career Criminal Act ("ACCA"), a designation that carried with a mandatory 15-year sentence. Accordingly, on February 8, 2016, the undersigned sentenced Smith to a term of imprisonment of 180 months. (Doc. No. 56 (Judgment).) Smith is currently incarcerated in a federal corrections facility located in Louisiana.

Smith now seeks a reduction in his sentence. However, the authority of the Court to resentence a defendant is limited by statute. *United States v. Houston*, 529 F.3d 743, 748-49 (6th Cir. 2008) (citing *United States v. Ross*, 245 F.3d 577, 585 (6th Cir. 2001)). The sentencing court

has no inherent authority to modify an otherwise valid sentence. *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009).

Smith cites to the First Step Act of 2018, effective December 21, 2018, as the basis for relief, and, in particular, the "safety valve" found in § 402(b) of the Act. This provision simply states that the section applies to defendants were found guilty pre-Act, but against whom judgment was or will be entered on or after December 21, 2018. Smith was found guilty on January 15, 2015 and sentenced on February 8, 2016, all of which took place before the enactment of the Act. Accordingly, the safety valve in the First Step Act finds no application in this case. Moreover, the First Step Act's changes to the safety valve provision relate to drug offenses, not violations of 18 U.S.C. § 922(g)(1) and 924(e). The First Step Act does not impact weapons offenses or enhancements under the ACCA.

Smith also argues that his 15 year mandatory sentence is too punitive. As already noted, Smith was charged with being a felon in possession of a firearm and ammunition. His sentence was enhanced based on previous convictions for attempted robbery, attempted felonious assault, felonious assault, and domestic violence. The First Step Act does not address Smith's contentions regarding the enhancement of his sentence.

Finally, Smith suggests that he is entitled to a recalculation of his sentence to take into account the additional good time credits now available under the First Step Act. The First Step Act amended 18 U.S.C. § 3624(b)(1) to change the manner in which the Bureau of Prison ("BOP") calculates credits by increasing the maximum allowable good time credit from 47 to 54 days per year. However, § 2241 is properly used for petitions challenging "the manner in which a sentence is executed[.]" *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). As such,

the Sixth Circuit has held that the computation of meritorious good time credits is a proper § 2241 challenge. *See Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) (citing *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979)). Accordingly, Smith would need to seek habeas corpus relief in the jurisdiction in which he is incarcerated, after he has exhausted his administrative remedies, and not by way of a motion addressed to the sentencing judge.[1] *See Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) (Before he may seek habeas relief under § 2244, a federal prisoner must first exhaust his administrative remedies); *see, e.g., Petty v. Stine*, 424 F.3d 509, 510 (6th Cir. 2005) (appeal from denial of § 2241 habeas petition challenging the BOP's calculation of good time credit).

Smith's motion to modify his sentence is DENIED. To the extent his motion also seeks a recalculation of his good time credit by the BOP, the request is DISMISSED without prejudice to be brought in the appropriate forum, following the exhaustion of administrative remedies, as a habeas petition pursuant to 28 U.S.C. § 2241.

**IT IS SO ORDERED**.

Dated: April 15, 2019

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**

---

[1] Even if the Court had jurisdiction over Smith's request to recalculate his good time credit under the First Step Act, the request would have been premature. The amendment to the First Step Act will accelerate the manner in which inmates earn good time credits against their prison sentence, effectively abrogating *Barber v. Thomas*, 560 U.S. 474, 130 S. Ct. 2499, 177 L. Ed. 2d 1 (2010). But, as the government correctly notes, this provision has yet to take effect: Section 102(b)(2) of the First Step Act specifically provides that the amendments made in subsection 102(b) take effect only when the Attorney General completes the "risk and needs assessment system" required by Section 101(a) of the Act. Section 101(a) does not require completion of the system until 210 days after the Act's enactment. Thus, Section 102(b)(1) will not take effect until approximately July 2019.