# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:14-cr-232 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| RANDY SMITH, | ) | |
| | ) | |
| DEFENDANT. | ) | |

The Court is in receipt of a letter from defendant Randy Smith ("Smith") that it construes as a *pro se* motion to reduce his sentence under the First Step Act of 2018 and for the appointment of counsel. (Doc. No. 86 ["Mot."].) The government opposes the motion. (Doc. No. 88 ["Opp'n"].) For the foregoing reasons, the motion is DENIED.

On January 15, 2015, Smith entered a plea of guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(e). At the time of sentencing, Smith was determined to be an armed career offender, pursuant to the Armed Career Criminal Act ("ACCA"), a designation that carried with it a mandatory 15-year sentence. Accordingly, on February 8, 2016, the undersigned sentenced Smith to a term of imprisonment of 180 months. (Doc. No. 56 (Judgment).)

Smith filed a notice of appeal from the Court's judgment outside the 14-day time limit. (Doc. No. 57.) He subsequently filed a motion to permit an out of time appeal (*see* Doc. No. 63), which the government opposed. (Doc. No. 64.) After conducting an evidentiary hearing, the

Court denied Smith's motion (*see* Doc. No. 76), and the Sixth Circuit subsequently dismissed Smith's appeal. (Doc. No. 78.)

On February 25, 2019, Smith filed his first motion for a sentence reduction under the First Step Act, citing the "safety valve" found in § 402(b) of the Act. (Doc. No. 79.) The Court denied the motion on April 15, 2019, finding the safety valve inapplicable to Smith's case. (Doc. No. 81 at 569 [noting that the safety valve only applied to defendants who were found guilty pre-Act but were sentenced after December 21, 2018, and further noting that the recent changes to the safety valve provision related to drug offenses, and not violations of 18 U.S.C. §§ 922(g)(1), 924(e)].) The Court also determined that the First Step Act was not a proper vehicle for challenging the punitive nature of the ACCA enhancement for multiple prior violent felonies. (*Id.*)

In the present motion, Smith turns once again to the First Step Act as a means by which to collaterally attack his sentence. Citing the Sixth Circuit's decision in *Williams v. United States*, 927 F.3d 427 (6th Cir. 2019), Smith argues that his prior Ohio conviction for felonious assault no longer qualifies as a predicate offense under the Armed Career Criminal Act ("ACCA"). (Mot. at 579.) As the government has observed, the First Step Act does not provide Smith with an avenue by which to challenge whether a crime used as an ACCA predicate offense was valid. Rather, to take advantage of the Supreme Court's decision in *Johnson v. United States*, --U.S.--, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), which invalidated the ACCA's residual clause, a criminal defendant was required to file a motion to vacate under 28 U.S.C. § 2255 by June 26, 2016, one year after the ruling in *Johnson*. *See Riffey v. United States*, No. 1:07-cr-6, 2017 WL 3820957, at *2 (E.D. Tenn. Aug. 31, 2018) (finding defendant's § 2255

motion, filed June 22, 2016, timely because "*Johnson* triggered a renewed one-year period of limitation based on the date of that decision, June 26, 2015, and running until June 26, 2016"). Smith did not seek collateral review and may not now circumvent the time restrictions of 28 U.S.C. § 2255(f)(3) by applying for relief under the First Step Act.

Smith's citation to *Rehaif v. United States*, --U.S.--, 139 S. Ct. 2191, 204 L. Ed. 2d 594 (2019) is equally unavailing. (*See* Mot. at 580.) In *Rehaif*, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew that he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id*. at 2200. Again, the First Step Act does not afford Smith a means by which to collaterally attack his sentence.

But even if the Court generously construed the present motion as a motion to vacate under 28 U.S.C. § 2255, Smith would still not be entitled to relief under *Rehaif*. The Sixth Circuit has recently held that the "rule stated in *Rehaif* is a matter of statutory interpretation, not a 'new rule of constitutional law.'" *Khamisi-El v. United States*, 800 F. App'x 344, 349 (6th Cir. 2020) (citation omitted). Courts throughout this circuit have recognized that *Rehaif* does not apply retroactively to cases on collateral appeal. *See Swindle v. United States*, No. 1:17-cr-158, 2020 WL 3167012, at *1 (W.D. Mich. June 15, 2020) (collecting cases); *United States v. Saunders*, No. 1:17-cr-511, 2020 WL 3447819, at *2 (N.D. Ohio June 23, 2020 (similar). Circuit courts are in accord. *See In re Palacious*, 931 F.3d 1314, 1315 (11th Cir. 2019) (*Rehaif* "did not announce a new rule of constitutional law"); *In re Sampson*, 954 F.3d 159, 161 (3d Cir. 2020) ("*Rehaif* did not state a rule of constitutional law at all.") Accordingly, because *Rehaif* does not apply retroactively to cases on collateral review, the time frame set forth under 28 U.S.C. §

3

2255(f)(3) would not apply, and Smith would be unable to raise this issue in a motion to vacate.

For these reasons, as well as the reasons set forth in the government's opposition brief, Smith's motion to reduce his sentence under the First Step Act and for the appointment of counsel is DENIED.

**IT IS SO ORDERED**.


Dated: October 22, 2020

                                      **HONORABLE SARA LIOI**
                                      **UNITED STATES DISTRICT JUDGE**