# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 1:14-cr-232 |
| ) | |
| PLAINTIFF, ) | JUDGE SARA LIOI |
| ) | |
| vs. ) | |
| ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| RANDY T. SMITH, ) | |
| ) | |
| DEFENDANT. ) | |

On February 8, 2016, defendant Randy T. Smith ("Smith") was sentenced to a term of 180 months imprisonment, following his guilty plea to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Doc. No. 56 (Judgment); *see* Minutes of Proceedings [non-document], 2/8/2016.) Now before the Court is Smith's *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. (Doc. No. 94 (Motion).) Appointed counsel filed a notice of intent to not supplement Smith's *pro se* motion (Doc. No. 95 (Notice)), and the government filed an opposition to the motion. (Doc. No. 97 (Response).)

The Court employs a two-step approach to deciding whether to reduce a sentence based on a retroactive amendment to the federal sentencing guidelines. First, the Court must consider the scope of the reduction authorized by the amendment, and then it must consider whether such a reduction is warranted based on the factors set forth in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010) (citing § 3582(c)(2)).

In his motion, Smith "seeks resentencing with this Court under the 821 Amendment[, P]art A (status points)." (Doc. No. 94, at 2.) Part A of Amendment 821, which now appears in the guidelines at § 4A1.1(e), limits the criminal history impact of "status points," decreasing them by 1 point for individuals with 7 or more criminal history points and eliminating status points for those with 6 or fewer criminal history points. *See* U.S.S.G. § 4A1.1(e). The Amendment was given retroactive effect, provided that any order reducing a term of imprisonment based on retroactive application of Amendment 821 have an effective date of February 1, 2024, or later. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

At the time of sentencing, the Court calculated Smith's base offense level to be 24. (*See also* Doc. No. 51 (Final PSR), at 4 ¶ 12.) After the appropriate adjustments were applied—including a Chapter Four enhancement for his status as an armed career offender, and a 2-level reduction for acceptance of responsibility—the resulting total offense level was 31. (*See also id*. at 5 ¶¶ 18–20.) Smith had prior convictions for drug possession, driving under suspension, petty theft, attempted robbery, felonious assault, and attempted felonious assault, and multiple convictions for domestic violence, which collectively scored 15 criminal history points. (*See also id*. at 7–11 ¶¶ 26–29, 31–32, 34–36.) Because Smith had committed the present weapons offense while under a criminal justice sentence, 2 additional criminal history points were added for a total of 17 points. (*See also* id. at 11 ¶¶ 37–38.) With a total of 17 criminal history points, the guidelines dictated that he was a criminal history category VI. (*See also id*. at 11 ¶ 38.) Smith was also determined to be a criminal history category VI by virtue of the fact that he was an armed career offender. (*See also id*. ¶ 39.) The advisory guideline range at offense level 31, criminal history category VI, was 188 to 235 months. (*See also id*. at 16 ¶ 67.) Nevertheless, the Court departed

downward one-level in imposing a below-guidelines sentence of 180 months, which also represented the mandatory minimum sentence the Court could impose given Smith's status as an armed career offender. (*See also id.* at 51 ¶ 66.)

Smith's motion to reduce his sentence must be denied because he is subject to the 15-year mandatory minimum sentence as an armed career offender. (*Id.*) Additionally, even without the armed career offender designation and with the 1-point reduction in status points, Smith would still be entitled to no relief. With 16 criminal history points, he still scores as a criminal history category VI. Accordingly, his advisory sentencing guidelines range would remain 188 to 215 months. Because his guidelines range is undisturbed by the Amendment, Smith is, therefore, ineligible for a reduction based on Part A of Amendment 821 concerning "status points." Further, because Smith is ineligible for a sentence reduction based on the Amendment, the Court does not proceed to the second step of evaluating whether the factors under 18 U.S.C. § 3553(a) justify reducing the sentence.

For the foregoing reasons, defendant's motion to reduce his sentence (Doc. No. 94) is DENIED.

**IT IS SO ORDERED**.

Dated: February 6, 2024

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**